**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

| | |
|---|---|
| **DOROTHY DIAZ,** ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> **INTERNATIONAL PAPER COMPANY,** ) <br> ) <br> Defendant. ) <br> ) | **CIVIL NO. 3:07CV376** |

**MEMORANDUM OPINION**

This matter is before the Court on International Paper Company's ("Defendant") motion for summary judgment (docket entry no. 23). The issue has been fully briefed and argued. The matter is ripe for resolution. For the reasons set forth herein, Defendant's motion will be GRANTED and the action DISMISSED.

**I. Factual Background**

On August 4, 2005, Dorothy Diaz ("Plaintiff") slipped and fell on the premises of 2811 Coffer Road, Richmond, Virginia. (Compl. ¶ 6.) The premises on which the incident occurred were owned and operated at the time by Defendant. (Compl. ¶ 7.) At the time of the incident, Plaintiff was an employee of Werner Enterprises, Inc., which was under contract with Defendant to provide truck carrier services. (Attach. to Compl.) Plaintiff's injury occurred when she was on Defendant's property performing work-related duties as a truck driver by delivering paper stock to Defendant's facility. (Compl. ¶ 8.) Plaintiff alleges that while walking out of the empty trailer attached to the cab of her truck, she slipped on an "oily substance" that caused injury to

her. (Compl. ¶ 9.) Plaintiff alleges that the "oily substance" that precipitated the fall was present on a dock plate that was being used in unloading the trailer. (Def.'s Mem. in Supp. of Mot. for Summ. J. ("Def.'s Mem.") at 2.) A dock plate is used to "bridge" any gap between the floor of the loading dock and the floor of a trailer in order to allow a fork lift or other machinery into and off the trailer to unload its contents. (Id.) Plaintiff asserts that Defendant knew, or should have known, about the presence of the substance and thus is liable for negligence in allowing the substance to remain on the dock plate, and by failing to warn Plaintiff of the hazard. (Compl. ¶ 10.)

## II. Procedural History

The case was originally filed in state court. (Compl. ¶ 4.) Defendant subsequently removed it to this court pursuant to 28 U.S.C. § 1332 on the basis of diversity of citizenship. (Notice of Remand ¶ 4.)

Defendant thereafter filed a motion to strike (docket entry no. 19) with supporting memorandum. The memorandum cited inexcusable delay in the production of necessary discovery information and sought the dismissal of Plaintiff's claim for lost wages. (Mem. in Supp. of Mot. to Strike). The Defendant filed the present motion for summary judgment thereafter. Two days later, Plaintiff filed an "Emergency Motion" requesting voluntary dismissal without prejudice (docket entry no. 27.) In essence, Plaintiff argues that she was precluded, by circumstances beyond her control, from obtaining relevant evidence during the discovery period, and that the interests of justice would be best served by either dismissing the case without prejudice, so as to allow her to re-file the action and, in effect, "start over," or in the alternative, to proceed to trial and allow supplementation of the discovery record.

Defendant opposes Plaintiff's motion for voluntary dismissal. The Court has taken Plaintiff's motion to dismiss, and all other motions, under advisement pending resolution of Defendant's motion for summary judgment (docket entry no. 31), the Court concluding that Defendant would be unduly and unfairly prejudiced if the Court granted Plaintiff's motion to dismiss because Defendant had already filed a motion for dispositive relief that, if granted, would resolve the matter on its merits. (Jan. 9, 2008 Order.)

### III. Summary of the Arguments

Plaintiff bases her claims on Defendant's alleged negligence in failing to notify Plaintiff of the "oily substance" present on the dock plate located in Defendant's warehouse. (Compl. ¶ 8.) Defendant has moved for summary judgment on the basis that Plaintiff has produced no evidence that demonstrates actual or constructive notice to Defendant which precludes, as required, the establishment of even a *prima facie* case of negligence against Defendant. (Def.'s Mem. at 12.)

Defendant claims that Plaintiff has no evidence to support her allegation that she slipped on an "oily substance." (Def.'s Mot. For Summ. J. at 3.) In support of its position, Defendant cites to Plaintiff's own deposition, emphasizing the fact that Plaintiff admitted that she had no knowledge of any substance on the dock prior to her fall. (Pl.'s Dep. at 123.) Plaintiff also stated in her deposition that she had no idea how long the substance had been on the dock plate, describing it as a "clear, unnoticeable oil." (Id. at 143, 145.) Defendant also provides affidavits of eyewitnesses to the incident and its immediate aftermath. Four of the affiants stated that they did not observe any oil or liquid on either the dock or on Plaintiff's clothing after her fall. (Exs. B, C, D, & E attached to Def.'s Mot. For Sum. J.)

Plaintiff's memorandum in response to Defendant's motion for summary judgment asserts that there are material facts at issue that must be resolved by a jury so as to preclude summary judgment in favor of Defendant. Plaintiff cites to Defendant's corporate representative Larry Pope's deposition, emphasizing portions of his testimony in which he admitted that Defendant's mechanical equipment (clamp trucks and forklifts) leak oil from time to time. (Pope Dep. at 37, Ex. 1.) Pope also stated that in order to unload a tractor trailer like the one Plaintiff was driving, a forklift must be driven in and out of the bed of the trailer and repeatedly over the dock plate. (Id. at 54.) Plaintiff contends that such knowledge by Defendant created at least constructive notice of the potential hazard involved, creating a duty on the part of Defendant to warn of, and to otherwise address such a hazardous condition.

## IV. Standard of Review

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits, show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In considering whether to grant a motion for summary judgment, the court must assess the evidence offered by both parties and "determine whether there is a genuine issue for trial" after viewing the evidence in the light most favorable to the non-moving party and resolving all factual disputes in that party's favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986); Rossignol v. Voorhaar, 316 F.3d 516, 523 (4th Cir. 2003) (citation omitted). Nonetheless, this Court is not to make credibility determinations, as that task is for the fact finder. Anderson, 477 U.S. at 255.

To defeat a summary judgment motion, the non-moving party may not rest upon mere allegations or denials, but must "set forth specific facts showing that there is a genuine issue for trial." Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986) (citing former Fed. R. Civ. P. 56(e)). In essence, the Court must decide if the evidence, when viewed in the light most favorable to the non-moving party, "presents a sufficient disagreement to require submission to the [factfinder] or whether it is so one-sided that one party must prevail as a matter of law." Anderson, 477 U.S. at 251-52.

## V. Analysis

Because this matter is in federal court on diversity grounds, the substantive law of the forum state applies. This Court presides in Virginia, and since Virginia applies the doctrine of *lex loci delicti* to tort claims ("the law of the place of the wrong governs all matters related to the basis of the right of action"), Virginia law will govern the resolution of Plaintiff's claims that are premised on state law. Dreher v. Budget Rent-A-Car Sys., Inc., 634 S.E.2d 324, 327 (Va. 2006) (citations omitted). Hence,

Virginia's case precedent regarding "slip and fall" cases weighs heavily against plaintiffs. Davis v. Spotsylvania Mall Co., CL95-477, 1997 WL 1070525, at *4 (Va. Cir. Ct. Feb. 19, 1997). "In premises liability cases [such as the one currently before the Court], the plaintiff must introduce evidence of the responsible person's actual or constructive knowledge of a defective condition on the premises to establish a *prima facie* case of negligence." Grim v. Rahe, Inc., 434 S.E.2d 888, 889 (Va. 1993) (citations omitted). Furthermore, under Virginia case law, a business owner (or possessor) is not the insurer of the safety of its customers; rather, the premises must simply be maintained in a "reasonably safe" condition. Colonial Stores Inc. v.

Pulley, 125 S.E.2d 188, 190 (Va. 1962); see Winn-Dixie Stores, Inc. v. Parker, 396 S.E.2d 649, 650 (Va. 1990). While a business owner (or possessor) also has a duty to warn invitees about any dangerous conditions of which it should be aware, Gall v. Great Atl. & Pac. Tea Co., 120 S.E.2d 378, 380 (Va. 1961), a warning is not required when the dangerous condition is open and obvious to a reasonable person who is exercising reasonable care for his or her own safety. Id.; Gottlieb v. Andrus, 104 S.E.2d 743, 746 (Va. 1958). However, "in the absence of knowledge or warning of danger, . . . [an invitee] is not required to be on the lookout for it." City of Suffolk v. Hewitt, 307 S.E.2d 444, 448-49 (Va. 1983) (internal quotations and citations omitted). Accordingly, as concerns the present case, for liability to be imposed on Defendant for Plaintiff's injuries, she must: 1) demonstrate that she was a business invitee such that Defendant owed her a duty of care; and 2) prove that Defendant either knew of the dangerous condition (actual knowledge), or that it existed for a long enough period of time to make it Defendant's duty, in the exercise of ordinary care, to have discovered it and to have taken remedial action (constructive notice). Miracle Mart, Inc. v. Webb, 137 S.E.2d 887, 890 (Va. 1964).

**1.      Plaintiff was a Business Invitee**

In her Complaint, Plaintiff claims that she was, at all relevant times, a business invitee of Defendant such that her status as a business invitee defined the legal duty owed to her by Defendant. (Compl. ¶ 8.) Defendant does not deny the assertion, and it is not addressed in any of Defendant's motions; therefore, the Plaintiff must be considered to have been an invitee at the time of the accident for at least purposes of resolving the instant motion. As such, Defendant had a duty to maintain the premises in a reasonably safe condition and "remove, within a reasonable time, foreign objects from its floors which it may have placed there or which it knew,

or *should have known*, that other persons placed there." Memco Stores, Inc. v. Yeatman, 348 S.E.2d 228, 230-31 (Va. 1986). Defendant also had a duty "to warn the plaintiff of the unsafe condition if it was unknown to her, but was, or *should have been*, known to the defendant." Id. at 231.

**2.      Plaintiff fails to demonstrate that Defendant had Actual or Constructive Notice**

As noted, in order for Defendant to have a duty of care to warn Plaintiff of a dangerous condition, Plaintiff must demonstrate that Defendant had notice of the unsafe condition. Memco Stores, Inc., 198 S.E.2d at 231. In this case, Plaintiff does not contend that Defendant had actual knowledge of the alleged "oily substance" on the dock plate. Therefore, the analysis focuses on whether Defendant had constructive knowledge of the hazard.

To establish constructive knowledge sufficient to invoke a duty of care on a defendant store owner, a plaintiff must establish that "the defect was noticeable and had existed for a sufficient length of time to charge its possessor with notice of its defective condition." Grim, 434 S.E.2d at 890 (citations omitted). It therefore follows that "if the evidence fails to show *when* a defect occurred on the premises, the plaintiff has not made out a *prima facie* case." Id. (citation omitted).

Plaintiff argues that Defendant had constructive knowledge of the alleged oily substance on the dock plate because Defendant knew that its equipment had a tendency to leak oil. (Pope Dep. at 37.) A clamp truck was used to unload Plaintiff's trailer and the unloading process required the operator to drive the clamp truck repeatedly over the dock plate. (Id. at 54.) Therefore, according to Plaintiff, Defendant had a duty to make sure that Plaintiff was at least aware of the potential danger from the leaking of oil from Defendant's equipment. Plaintiff also

notes that although it was Defendant's usual practice to restrict members of the public, such as Plaintiff, from entering the shipping dock area, Plaintiff was able to enter the area on that occasion through a door that had been propped open to apparently allow for better ventilation. (Pl.'s Mem. at 2-3.) Accordingly, Plaintiff contends that Defendant had knowledge of the possibility of the equipment leaking oil, and, therefore, the potential for Plaintiff to slip and injure herself so as to impose a duty to at least warn Plaintiff of such a hazardous condition. (Id.)

Although Plaintiff asserts that Defendant owed a duty to her as a business invitee to at least warn her of the potential hazard, Plaintiff does not offer any evidence of oil or lubricant actually being the cause of her fall, other than her own conclusory allegations. (Pl.'s Dep. at 53.) At the same time, Defendant offers evidence that Plaintiff, in fact, tripped over the dock plate, rather than slipping on some substance that was on it. (Def.'s Mem. at 6.) There is also additional evidence, attributed to individuals who had been present in the warehouse, that they did not observe any sort of oily substance or lubricant on the dock plate at the time. (Id. at 5-6.) Nevertheless, assuming, arguendo, that there *was* a substance on the dock plate, Plaintiff has not produced any evidence to establish how long the substance had been present on it. Since Plaintiff is unable to establish when the alleged leak occurred, she also cannot establish that the leak had existed for a long enough period of time to charge Defendant with constructive knowledge of the situation. See Winn-Dixie Stores, Inc., 396 S.E.2d at 651. To hold otherwise would, in effect, necessitate the conclusion that because Defendant's equipment occasionally leaked oil, Defendant was required to check for spilled oil *every time* equipment was driven over a dock plate – an unreasonable standard of care to impose.

**3.     The Doctrine of Res Ipsa Loquitur is inapplicable to Plaintiff's case**

Plaintiff also argues that the situation is subject to application of the doctrine of *res ipsa loquitur*. (Pl.'s Mem. at 8-9.)

> In order for the doctrine [of *res ipsa loquitur*] to apply in a given case, the instrument causing the injury must have been in the exclusive possession of the defendant, and the occurrence must have been of such a nature that it can be said with reasonable certainty that the accident would not have occurred in the absence of negligence on the part of the defendant. It must be further shown that the evidence of the cause of the accident is accessible to the defendant and inaccessible to the injured party.

Stein v. Powell, 124 S.E.2d 889, 891 (Va. 1962) (citing Beer Distributors, Inc. v. Winfree, 57 S.E.2d 902 (Va. 1950)). Thus, *res ipsa* allows for an inference of negligence when the incident could not have occurred in the absence of negligence. Lewis v. Carpenter Co., 477 S.E.2d 492, 494 (Va. 1996.)

Here, in order to successfully invoke the doctrine of *res ipsa loquitur*, Defendant argues that Plaintiff must establish that Defendant had exclusive control of the premises at the time of the accident. See, e.g., Danville Cmty. Hosp. v. Thompson, 43 S.E.2d 882, 887 (Va. 1947). In that regard, Defendant asserts that Plaintiff's unauthorized presence in the shipping dock precludes exclusive control and thus, the doctrine of *res ipsa loquitur* could not apply. Defendant, however, has failed to demonstrate that the general nature of Plaintiff's activity in the shipping dock was such that it voided exclusive control by Defendant. The fact of Plaintiff's mere presence in the shipping dock does not negate Defendant's exclusive control of the area where it was limited in scope and duration. Therefore, Plaintiff's *res ipsa* argument cannot be resolved premised on the argument that Defendant was not in exclusive control of the premises at the time of the accident.

Nevertheless, in order for the doctrine of *res ipsa loquitur* to apply, there must be no other possible explanation for the cause of the accident, other than the defendant's sole negligence. See Lewis, 477 S.E.2d at 494. "The doctrine of *res ipsa loquitur* is not applicable where, on proof of the occurrence, without more, the matter still rests on conjecture alone or the accident is just as reasonably attributable to other causes as to negligence." Stein, 124 S.E.2d at 891. Here, not only does Plaintiff fail to produce evidence that an "oily substance" ever existed on the dock plate, other than by her own unsupported conclusory allegations, there is contrary, supported evidence indicating that it was actually Plaintiff who was negligent by failing to maintain a proper lookout and tripping over the dock plate. It is not a situation where, for example, the building material that was being maintained under the exclusive control of the builder-defendant inexplicably falls from the scaffolding and injures the plaintiff who was merely passing by the location. Plaintiff cannot invoke *res ipsa loquitur* in order to avoid the burden of having to produce sufficient evidence to establish Defendant's sole negligence. See Easterling v. Walton, 156 S.E.2d 787, 790 (Va. 1967.) Accordingly, the doctrine of *res ipsa loquitur* is not applicable.

### VI. Outstanding Motions

The Court stayed several outstanding motions pending its ruling on Defendant's present motion for summary judgment. Because the motion for summary judgment will be GRANTED in its entirety, and the case will be DISMISSED, Defendant's motions to strike (docket entry nos. 19 & 34), Defendant's motion to exclude (docket entry no. 25), and Plaintiff's emergency motion to dismiss (docket entry no. 27), will be DENIED as moot.

## VII.  Conclusion

For the reasons discussed herein, Defendant's motion for summary judgment will be GRANTED.

An appropriate Order shall issue.

                                                    /s/
                                      Dennis W. Dohnal
                                      United States Magistrate Judge

Richmond, Virginia
Date: February 19, 2008